1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11   PATRICK KAKUDO, BRANDON KAKUDO,
     a Minor, by and through his
12   Guardian ad Litem, HOLLY MATSUDA
     and HEIDI KAKUDO,

13
                 Plaintiffs,[1]              NO. CIV. S-04-0374 WBS KJM
14
                 v.
15
     UNITED STATES OF AMERICA
16
                                             PRETRIAL ORDER
17               Defendant.
     _____
18

19                            ----oo0oo----

20           A Final Pretrial Conference was held in this matter,

21   pursuant to the provisions of Rule 16(d) of the Federal Rules of

22   Civil Procedure and Local Rule 16-282, on August 1, 2005.

23   William C. Callaham appeared as counsel for plaintiffs; Bobbie

24   Montoya appeared as counsel for defendant.  After

25   the hearing, the court enters this Final Pretrial Order:

26   ///

27   _____

28      [1]   Plaintiff Patrick Kakudo was dismissed from this case by
     stipulation and order on July 15, 2004.

1

1          I.   Jurisdiction-Venue.

2          Jurisdiction is predicated upon 28 U.S.C. §§ 1346(b),

3  and 2671 et seq. (The Federal Tort Claims Act).  Venue is

4  undisputed and is hereby found to be proper.

5          II.  Jury-Nonjury.

6          Pursuant to 28 U.S.C. § 2402, trial of this matter

7  will be by the Court.

8          III.  Findings and Conclusions.

9          No later than ten court days before trial, counsel for

10 plaintiffs shall lodge and serve the Findings of Fact and

11 Conclusions of Law, which plaintiffs propose be entered at the

12 conclusion of the trial pursuant to Fed. R. Civ. P. 52 and Local

13 Rule 52-290.  No later than five court days before trial,

14 counsel for defendant shall lodge and serve the Findings of Fact

15 and Conclusions of Law, which defendant proposes be entered.

16         IV.  Trial Briefs.

17         No later than ten court days before the trial date,

18 counsel for each party shall file trial briefs, which shall

19 include any motions in limine, pursuant to Local Rule 16-285.

20 No later than four court days before trial, the parties may file

21 oppositions, if any, to the motions in limine.

22         V. Witnesses.

23         (A)  Plaintiffs anticipate calling the witnesses

24 identified at Exhibit "A" attached hereto.

25         (B)  Defendant anticipates calling the witnesses

26 identified at Exhibit "B" attached hereto.

27         (C) Except for retained experts, each party may call

28 any witness designated by any other party.

1        (D)   No other witnesses will be permitted to testify
2   at trial unless:

3              (1)   all parties stipulate that the witness may
4   testify;

5              (2)   the party offering the witness demonstrates
6   that the witness is for the purpose of rebutting evidence which
7   could not have been reasonably anticipated at the time of the
8   Pretrial Conference; or

9              (3)   the witness was discovered after the
10  Pretrial Conference.

11       (E)   Testimony of a witness not designated in this
12  Order, which is offered under paragraph V(D)(3), above, upon the
13  grounds that the witness was discovered after the Pretrial
14  Conference, will not be permitted unless:

15             (1)   the testimony of the witness could not
16  reasonably have been discovered prior to the Pretrial
17  Conference;

18             (2)   the court and opposing counsel were promptly
19  notified upon discovery of the testimony; and

20             (3)   counsel proffered the witness for deposition
21  if time permitted or provided all opposing counsel a reasonable
22  summary of the testimony if time did not permit a deposition.

23        VI. <u>Exhibits.</u>

24       (A)   Plaintiffs intend to offer the exhibits
25  identified at Exhibit "C" attached hereto.

26       (B)   Defendant intends to offer the exhibits
27  identified at Exhibit "D" attached hereto.

28             (C)   Each party may offer any exhibit designated by

3

1   any other party.

2         (D)   No other exhibits will be received in evidence

3   unless:

4            (1)   all parties stipulate that the exhibit may

5   be received in evidence;

6            (2)   the party offering the exhibit demonstrates

7   that the exhibit is for the purpose of rebutting evidence which

8   could not have been reasonably anticipated at the time of the

9   Pretrial Conference; or

10           (3)   the exhibit was discovered after the

11   Pretrial Conference.

12       (E)   An exhibit not designated in this Order (or

13   pursuant to this Order), which is offered under paragraph

14   VI(D)(3), above, upon the grounds that the exhibit was

15   discovered after the Pretrial Conference, will not be received

16   in evidence unless:

17           (1)   the exhibit could not reasonably have been

18   discovered prior to the Pretrial Conference;

19           (2)   the court and opposing counsel were promptly

20   notified upon discovery of the exhibit; and

21           (3)   counsel provided copies of the exhibit to

22   all opposing counsel if physically possible or made the exhibit

23   reasonably available for inspection by all opposing counsel if

24   copying was not physically possible.

25       (F)   Each party shall exchange copies of all exhibits

26   identified in this Order (or pursuant to this Order), or make

27   them reasonably available for inspection by all other parties,

28   not later than seven calendar days before the trial date.   Any

1  and all objections to such exhibits shall be filed and served

2  not later than four calendar days before the trial date.

3         (G)   The attorney for each party is directed to appear

4  before trial and present an original (and if physically possible

5  one copy) of each exhibit to Deputy Clerk Sally Hoover at 8:30

6  a.m. on the date of trial.

7         (H)   Each exhibit which has been designated in this

8  Order (or pursuant to this Order) and presented on the morning

9  of the date of trial shall be pre-marked by counsel.

10  Plaintiffs' exhibits shall bear numbers; defendant's exhibits

11  shall bear letters.  If no objection has been made to such

12  exhibit pursuant to paragraph VI(F), above, such exhibit will

13  require no further foundation and will be received in evidence

14  upon the motion of any party at trial.

15         VII. <u>Further Discovery and Motions.</u>

16         No further motions shall be brought before trial

17  except upon order of the court and upon a showing of manifest

18  injustice.  Fed. R. Civ. P. 16(e).  No further discovery will be

19  permitted except by the express stipulation of all parties or

20  upon order of the court and upon a showing of manifest

21  injustice. <u>Id.</u>

22         VIII.   <u>Date and Length of Trial.</u>

23         The court trial is set for October 4, 2005, at 9:00

24  a.m. in Courtroom No. 5.  The court estimates that trial will

25  last approximately three (3) trial days.

26         IX.   <u>Daubert Procedure</u>

27         Any challenges based on <u>Daubert v. Merrell Dow</u>

28  <u>Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co.</u>

1  v. Carmichael, 119 S. Ct. 1167 (1999) will be raised and

2  resolved outside the presence of the jury just prior to when the

3  challenged expert will be called to give testimony.  Any

4  challenged expert shall be present for such a challenge, and

5  shall be available for questioning.

6          X.   Settlement Conference

7          A Settlement Conference is set before the Honorable

8  Frank C. Damrell in Courtroom No. 2 on August 16, 2005, at 10:00

9  a.m.

10         Each party is ordered to have a principal with full

11 settlement authority present at the conference or be fully

12 authorized to settle the matter on any terms.  No later than

13 seven days before the date of the Settlement Conference, counsel

14 for each party shall submit a confidential Settlement Conference

15 Statement to the settlement judge.

16         XI.   Objections to Pretrial Order.

17         Any objections or suggested modifications to this

18 Pretrial Order shall be filed and served within five calendar

19 days from the date of this Order.  All references herein to the

20 date of this Order shall refer to the date the tentative order

21 is filed and not to the date any amended order is filed.  If no

22 objections or modifications are made, this Order will become

23 //

24 //

25 //

26 //

27 //

28 //

6

final without further order of the Court and shall control the
subsequent course of the action, pursuant to Rule 16(e) of the
Federal Rules of Civil Procedure.

DATED: August 1, 2005.

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

1
2
3
4
5                          Exhibit "A"

6  **Percipient Witnesses**

7  1.    Heidi Kakudo

8  2.    Patrick Kakudo

9  3.    Kevin Penn (Postal Service Truck Driver)

10 **Nonretained Expert Witnesses (Treating Physicians and Physical**

11 **Therapist)**

12 1.    John Gisla, Jr., M.D.

13 2.    Wendy Lin, M.D.

14 3.    Rie Takakura, P.T.

15 4.    Sean Nealon, M.D.

16 5.    Marina Soosaipillai, M.D.

17 6.    Dr. Ehyai, MedClinic of Sacramento

18 7.    Robert Dimiceli, Officer, California Highway Patrol,

19       (Badge #: 12152)

20
21
22
23
24
25
26
27
28

8

1

2

3

4

5                                   Exhibit "B"

6  **Witnesses**

7  1.   Robert Dimiceli, Officer, California Highway Patrol,

8       (Badge #: 12152)

9  2.   Geri Jordan

10 3.   Heidi Kakudo

11 4.   Kevin D. Penn

12 5.   Aubrey A. Swartz, M.D., Pharm. D.

13 6.   Defendant reserves the right to call any witness identified

14      by plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "C"

**Plaintiffs' Exhibits**

A.    Medical records of Plaintiffs.

B.    Medical bills for treatment.

C.    Photographs of vehicles.

Exhibit "D"

**Defendant's Exhibits**

A.   CHP Traffic Collision Report dated September 17, 2001,
     including CHP Factual Diagrams dated October 3, 2001 and
     CHP Narrative/Supplemental dated October 3, 2001

B.   Demonstrative evidence, including but not limited to the
     following:

     1.   Diagrams

     2.   Photographs

C.   Reports of defendant's expert Aubrey A. Swartz, M.D.,
     Pharm. D.

D.   Plaintiff's administrative tort claims

E.   Plaintiff Heidi Kakudo's medical records

F.   Plaintiff Heidi Kakudo's medical billing records for
     treatment

G.   Plaintiff Brandon Kakudo's medical records

H.   Plaintiff Brandon Kakudo's medical billing records for
     treatment

I.   Defendant reserves the right to submit any exhibit
     identified by plaintiffs